U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 07 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES

versus

MARLOW ASHLEY

CRIMINAL NO. 08-0302-01
JUDGE TOM STAGG

Under Rule 404(b), extrinsic offense evidence is not admissible to prove the defendant's bad character and action in conformity therewith, but it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. As stated in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), the rule calls for a two-step analysis. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

Here, the extrinsic offense evidence is four prior acts of distribution that occurred in the summer of 2008. The acts were monitored and video recorded by law enforcement officers in Monroe, Louisiana. Applying Rule 404(b) and Beechum to

the case at hand, I find that the evidence of the four prior acts of distribution is admissible for the limited purpose of showing Ashley's motive, intent, and knowledge. In doing so, I recognize that this evidence is prejudicial to Ashley. However, all evidence is prejudicial to one side or the other. In this case, the prejudice to Ashley does not substantially outweigh the probative value of the extrinsic evidence.

In reaching this decision, I thoroughly reviewed my "Beechum book," which is a three-ring binder with 20 or so Fifth Circuit cases that interpret Beechum. [Optional: The 1998 case of United States v. Hernandez-Guevara, 162 F.3d 863 (5th Cir. 1998) was especially helpful. In that case, the defendant was convicted of illegal transporting of aliens. During the trial, evidence of the defendant's two previous smuggling convictions were admitted under Rule 404(b). In affirming the conviction, the Fifth Circuit agreed that the prior conduct was relevant to the defendant's intent and the absence of mistake or accident, and that is was not an abuse of discretion for the trial court to find that the probative value was not substantially outweighed by the prejudicial effects. The court noted that the prior acts lacked the hallmark of highly prejudicial evidence. They were not violent acts, nor were they greater in magnitude that the crimes for which the defendant was on trial, nor did they occupy more of the jury's time than the evidence of the charged offense.]

1/7/09